### INGERSOLL et al. v. UNITED SURETY CO.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. INSURANCE (§ 665*)—BURGLARY INSURANCE—LOSS—AMOUNT—EVIDENCE.
   In an action on a policy of burglary insurance, the amount of the loss was properly proved by adding to the last previous stock inventory, taken about six months previously, all stock since purchased, and deducting all sales made and the stock on hand after the burglary.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1722; Dec. Dig. § 665.*]

2. INSURANCE (§ 665*)—BURGLARY INSURANCE—LOSS—VERDICT—CONFORMITY TO EVIDENCE.
   Where the uncontradicted evidence in an action on a policy of burglary insurance showed a loss of $120, aside from a showing by computa-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of a further loss of over $800, a verdict of only $100 was unsustainable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1722; Dec. Dig. § 665.*]

Appeal from Trial Term, New York County.

Action on a burglary insurance policy by Robert H. Ingersoll and others against the United Surety Company. From a judgment in their favor for less than the amount claimed, plaintiffs appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Frederic Cyrus Leubuscher, for appellants.
Joseph L. Prager, for respondent.

CLARKE, J. The action was brought to recover for a loss occasioned by a burglary of the plaintiffs' premises, upon which the defendant had issued its policy. There was no question but that a burglary had been committed. No question was made as to the loss of the watches, fountain pens, and revolvers, nor as to their actual value, which was $120.37.

In addition, the plaintiffs proved a loss of cutlery, amounting to $834.87. They arrived at this amount by taking their last inventory, which had been made about six months before the burglary, to it adding all the purchases, and from the result subtracting all the sales. The result ought to have shown what was in stock on the day of the burglary. The difference between this result and the actual inventory of the goods remaining in the store after the burglary showed what had been taken. In calculating the value, the estimated profit was subtracted, and the result appeared in the figure above given.

Of course, this was arriving at a result by calculation; but it would be difficult to suggest any other way of proving what had actually been stolen, unless it should be held that direct evidence must be given —in other words, that a teller or checker in behalf of the plaintiffs should have sat at the door, and watched the burglars make off with the property, and checked off each piece as it passed out.

The defendant admits the burglary. Its officers were notified promptly, and made an inspection within an hour or two after the notification, and its bookkeeper was in the establishment for over 10 days, going over the books, vouchers, and records. A detective employed by it said that the manager for the plaintiffs, upon the day of the discovery of the burglary, had given the result of what had been stolen at $600.49. This, if believed, was a mere opinion, because it is conceded that at that time the accounts had not been checked, the inventory examined, and the list made up.

We find no support whatever for the amount found by the jury, in view of the fact that they resolved all the other questions in the case in favor of the plaintiffs. There was no evidence to impeach the loss of some cutlery, and as the other goods, about which no question what-

ever was made, were of the value of upwards of $120, the verdict as rendered of $100 cannot be justified upon any ground.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide event. All concur.